George **FITCH** et al., Appellees,

v.

Galen **DOKE,** d/b/a Mid-America Stock Car Racing Association, Appellant.

No. 75–1556.

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1976.

Decided March 24, 1976.

Ivella Elsey, Springfield, Mo., and Charles C. Shafer, Jr., Kansas City, Mo., for appellant.

Max W. Lilley & Gary A. Love, Lilley, Cowan & Love, Springfield, Mo., for appellees.

Before GIBSON, Chief Judge, and HEANEY and WEBSTER, Circuit Judges.

PER CURIAM.

In this contract action tried to a jury, the principal issue upon appeal is whether the District Court erred in refusing to submit to the jury for its determination the meaning of the language of a contract for personal services. On this issue, we reverse and remand for a new trial.

In December, 1972, Mid-America Stock Car Racing Association, an enterprise owned by appellant Doke, entered into a contract with the appellees, who are members of a partnership known as N. H. & R. Racing Enterprises. A form contract provided by N. H. & R. Racing Enterprises was used by the parties with the dates and financial details inserted in the appropriate blanks. Under the contract, N. H. & R. Racing Enterprises was to perform certain promotional and advisory services to appellant in connection with his activities as an operator of automobile racing events.

The contract provided that N. H. & R. Racing Enterprises should be compensated for its services in the amount of 15% of all funds which were secured as a result of its efforts. It also provided for two stated payments of $5,000.00 each. When a dispute arose as to the services to be rendered and appellant refused to pay for billed services, N. H. & R. Racing Enterprises brought a diversity action to recover amounts claimed under the contract, lost profits, and other damages. Appellant filed a counterclaim for breach of contract. The jury returned a verdict in favor of N. H. & R. Racing Enterprises in the amount of $11,539.05.

At trial, appellant contended that the two stated payments of $5,000.00 each were in the nature of advances against the percentage fee. N. H. & R. Racing Enterprises, on the other hand, contended that these were separate payments for separate services over and above the 15% of all funds secured through its services. The District Judge agreed with N. H. & R. Racing Enterprises based upon his examination of the four corners of the instrument. · He so charged the jury and thus precluded any independent interpretation of the contract's meaning by the jury. In this appeal, appellant contends that the disputed portion of the contract was at least ambiguous, and therefore that the determination of its meaning should have been submitted to the jury. We agree.

The disputed portion of the contract provides as follows:

MID–AMERICA STOCK CAR RACING ASSOCIATION, agrees to pay N. H. & R. Racing Enterprise the sum of 15% of all secured funds for services for a period of time beginning December 1, 1972 and ending December 1, 1973. One ( ) Two (X) Payments of $5,000.00 each

fee of $10,000.00—$5,000.00 -Jan. 10 and $5,000.00 on March 10, balance, as secured.

for advertising and promotion services to be rendered by N. H. & R. Racing Enterprise.

 We recognize the general rule that if a contract is free from ambiguity the court may construe it as a question of law. *See Harber v. Ohio National Life Insurance Co.,* 512 F.2d 170, 174 (8th Cir. 1975); *Langer v. Iowa Packers, Inc.,* 420 F.2d 365,

367–68 (8th Cir. 1970). Where, however, the contract is ambiguous, the meaning of its terms is to be determined by the jury in the light of the evidence of the surrounding circumstances and the practical construction of the parties. *See Scott v. Anchor Motor Freight, Inc.,* 496 F.2d 276, 280 (6th Cir.), *cert. denied,* 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974); *McClung v. Thompson,* 401 F.2d 253, 257–58 (8th Cir. 1968). *See also* 4 S. Williston, Treatise on the Law of Contracts § 616, at 652 (3d ed. 1961).

■ In searching for the intended meaning of a contract, each word of the contract should be given effect wherever possible. *Colorado Milling & Elevator Co. v. Chicago, R. I. & P. R. R.,* 382 F.2d 834, 836 (10th Cir. 1967); *Swenson v. Commissioner,* 309 F.2d 672, 676 (8th Cir. 1962). In this case, the agreement provided expressly for two payments of $5,000.00 each on January 10th and March 10th respectively with the "balance" to be paid "as secured". The only "balance" to which such clause could reasonably refer would be the balance of the "15% of all secured funds". Thus, a reasonable interpretation of the contract is that there was to be but one total sum, consisting of 15% of all secured funds payable $5,000.00 on January 10th, $5,000.00 on March 10th, and the balance as secured. A second possible interpretation is that "balance" refers to the 15% of funds secured, undiminished by the other payments. The interpretation placed upon the instrument by the District Court, that is, that there were to be two payments separate and apart from the percentage of secured funds, was thus but one of two possible interpretations. The contract on its face disclosed an ambiguity.

Under these circumstances, it was error for the District Court to impose its own interpretation of the contract upon the jury,[1] and the case must be reversed and remanded for a new trial.[2]

Reversed and remanded for further proceedings consistent with this opinion.

1. The trial court charged the jury as follows:

In reading the contract, I have determined, and I am instructing you as a matter of law, that, first, the phrase "15 percent of all secured funds"—now, you heard about that, this 15 percent—that the word "funds" means money, securities, or something negotiable, it does not include helmets or tires or gauges or merchandise. There has been a dispute about that. That is a matter of law, the word "funds" has a definite meaning and it means money or its equivalent, not merchandise.

Second, the contract provides for this 15 percent of all secured funds and in addition provides for two payments of $5,000 each for a total of $10,000 for advertising and promotional services. Now, there has been a dispute as to what the parties intended about that. But regardless of what their intention is, the parties are bound by the terms of a formal written instrument, which this is, and that is the Court's interpretation of what the contract means.

2. Upon retrial, the jury should be given an opportunity to consider parol evidence which may aid the jury in a determination of the intention of the parties in the execution of the agreement. Appellant should also be accorded an opportunity upon remand to amend his answer to assert the affirmative defense of accord and satisfaction.