**COUNTY ASPHALT PAVING COMPANY, INC., et al.,** Plaintiffs/Appellants,

v.

**The 1861 GROUP, LTD.,** Defendant/Respondent.

No. 66852.

Missouri Court of Appeals, Eastern District.

Oct. 24, 1995.

Jerome Wallach, The Wallach Law Firm, St. Louis, for Appellant.

Robert B. Hoemeke, Eric D. Paulsrud, Lewis, Rice & Fingersh, L.C., St. Louis, for Respondent.

CRANDALL, Judge.

Plaintiff, County Asphalt Paving Company, Inc. (contractor), appeals from the judgment, in a court-tried case, in favor of defendant, The 1861 Group, Ltd. (owner), on owner's counterclaim in a breach of contract action brought by contractor. We affirm.

Contractor entered into a contract with owner for the excavation and paving of owner's parking lot. Contractor began work in December 1986; problems with the paving developed in January 1987. At all times pertinent to the litigation, portions of the parking lot were in use. Contractor brought a breach of contract action against owner for failing to pay the balance due on the contract. Owner counterclaimed for breach of contract for contractor's failure to comply with the contract specifications as well as to pave certain areas of the parking lot.

In *County Asphalt Paving Co., Ltd. v. The 1861 Group, Ltd.*, 851 S.W.2d 577 (Mo.App. 1993) (*County Asphalt* I), this court affirmed the judgment in favor of owner on contractor's claim and reversed the dismissal of owner's counterclaim, finding that owner had standing to bring the counterclaim. The court remanded the cause for the trial court to determine damages, stating, "[G]enerally, when a contractor breaches its contract by defective performance, the measure of damages is either 'cost of repair' or 'diminution in value.'" *Id.* On remand, the parties presented no further evidence; but submitted the case to the trial court on the record before the court in *County Asphalt* I. The trial court awarded damages to owner in the amount of $122,905.00, calculated as follows:

| | |
|---|---|
| Amount paid by owner | $ 89,725.00 |
| Cost of repair | + 173,484.00 |
| Total cost of parking lot | $ 263,209.00 |
| Contract price | − 140,304.00 |
| Amount of damages | $ 122,905.00 |

 In its sole point on appeal, contractor contends the trial court erred in its measure of damages incurred as a result of contractor's breach.[1] Contractor challenges the method the trial court used to measure the damages, not the court's calculation of those damages under that method. Contractor claims that owner suffered no damages because owner later sold the property for a price which did not reflect a diminution in value and also because the parking lot was used for over seven years.

 In the case of substantial but defective performance by a contractor the measure of damages recoverable by the owner is determined by either or both of two different standards, depending upon the facts and circumstances of the particular case. *White River Dev. Co. v. Meco Systems, Inc.,* 806 S.W.2d 735, 741 (Mo.App.1991). One method, known as the "cost rule," is the cost of repairing the defective work. *Hernandez v. Westoak Realty & Inv., Inc.,* 771 S.W.2d 876, 881 (Mo.App.1989). The second method, called the "diminished value rule," is the difference between the value of the property with the defective work and what its value would have been had it been constructed according to the terms of the contract. *White River,* 806 S.W.2d at 741. The diminished value rule is the exception and is appropriate only where the cost of reconstruction and completion in accordance with the contract would involve unreasonable economic waste. *Id.* Where there are a number of defects, the diminished value rule may be applicable to some and the cost rule to others. *Id.* As a general rule, the preferred measure of damages is the cost of correcting the defects or supplying the omissions. *Lawing v. Interstate Budget Motel, Inc.,* 655 S.W.2d 774, 778 (Mo.App.1983).

Here, the record before the court from *County Asphalt I* revealed that owner presented evidence as to the cost of repair and that the trial court specifically found that the cost to repair the parking lot was $173,484.00. Once owner presented evidence as to the measure of damages under the cost rule, the burden fell upon contractor to present evidence that the cost of repair was an unfair measure of damages and that the diminished value rule offered a more accurate alternative. To counter owner's claim under the cost rule, contractor was required to introduce evidence that repair of the parking lot involved unreasonable economic waste or, phrased another way, that the cost of repair was disproportionate to the diminution in value of the property. Contractor did not present evidence as to unreasonable economic waste and thus did not meet its burden. Based upon the evidence before it, the trial court correctly used the cost rule to measure damages.

 In addition, the continued use of the defective parking lot was immaterial on the issue of the measure of damages. Usability of the parking lot did not mean that the contract to excavate and pave the parking lot was not breached and that contractor was not liable for damages therefor. *See Christensen v. R.D. Sell Const. Co., Inc.,* 774 S.W.2d 535, 538 (Mo.App.1989) (implied warranty of habitability breached despite homeowners' use of the defective driveway and outside steps). To hold otherwise would lead to the anomalous result that there would be no breach of contract if contractor were to surface the parking lot with gravel so that it was usable.

The trial court did not err in awarding damages based upon the cost of repair. Contractor's point on appeal is denied.

The judgment of the trial court is affirmed.

DOWD, J., concurs.

CRAHAN, P.J., concurs and files separate concurring opinion.

---

**1.** In *County Asphalt I,* 851 S.W.2d at 581, this court found "the evidence supports the trial court's finding that contractor breached the contract." The holding on the issue of contractor's breach constitutes the law of the case and remains such throughout all subsequent proceedings. *See Brooks v. Kunz,* 637 S.W.2d 135, 137–138 (Mo.App.1982). Contractor is therefore barred from challenging the court's finding that there was a breach of the contract to excavate and pave the parking lot.

CRAHAN, Presiding Judge, concurring.

I concur in Judge Crandall's opinion. I write separately to emphasize two points about our holding. First, the trial court's calculation of the cost of repair was not challenged on appeal. Therefore, our holding should not be read as endorsing or criticizing the manner in which the cost of repair was calculated. Second, the only "evidence" of diminution of value cited by the contractor on appeal was owner's alleged answer to an interrogatory that was never offered or admitted into evidence. In the absence of any evidence that the diminution of value, if any, was less than the cost of repair, the trial court did not err in using cost of repair as the measure of damages.