# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3043

_____

Information Systems and
Networks Corporation,

        Plaintiff-Appellant

v.

City of Kansas City, MO,

        Defendant-Appellee

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the Western
District of Missouri

_____

Submitted: April 13, 1998

Filed: June 18, 1998

_____

Before FAGG and HANSEN, Circuit Judges, and STROM,[1] Senior District Judge.

_____

STROM, Senior District Judge.

_____

[1]The HONORABLE LYLE E. STROM, Senior United States District Judge for the District of Nebraska, sitting by designation.

Information Systems and Networks Corporation (ISN) appeals from a judgment entered in the district court[2] following a jury verdict finding for the City of Kansas City (the City) and awarding damages on its counterclaim. ISN argues that the district court erred in allowing the jury to assess damages not recognized under Missouri law. ISN also asserts that the district court committed reversible error in admitting a certain damage estimate. For the reasons set forth below, we affirm.

## I.    BACKGROUND

In May of 1991, ISN entered into a contract with the City to provide and install an automated access control security system at the Kansas City International Airport. The contract required that the security system be completely installed and operational by March 15, 1992. The contract included a liquidated damages clause that provided for varying per day damage amounts if five progression dates (milestones) were not met. The contract also contained a default and termination clause which provided as follows:

> All costs and charges incurred by the City, together with the cost of completing the work under the contract, will be deducted from any monies due or which may become due to [ISN]. If such expense exceeds the sum which would have been payable under the contract, then [ISN] and the surety shall be liable and shall pay to the City the amount of such excess.

---

[2]The HONORABLE JOHN T. MAUGHNER, Chief Magistrate Judge, United States District Court for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In late 1991, ISN began having difficulties completing the project and requested an extension. On January 3, 1992, the parties agreed to a change order that extended the contract completion date by thirty days and increased the number of milestones and corresponding liquidated damage amounts from five to twelve. For various reasons, ISN failed to meet the contract milestones and complete the project by the April 15, 1992, deadline. On January 21, 1993, the City ordered ISN off the job and ultimately terminated the contract on March 1, 1993. Subsequently, the City decided not to complete the security system called for in the contract, but instead decided it would install a more advanced system.

ISN filed this suit against the City for breach of contract and the City counterclaimed. The case was tried to a jury which found for the City on both ISN's breach of contract claim and on the City's counterclaim and awarded the City $1,686,630 in damages. ISN does not appeal any decision regarding its performance under the contract. It appeals only the type of damages the jury was allowed to award and the admission of a damage estimate.

## II. DISCUSSION

### A. Cost to Complete Damages

ISN's first argument on appeal is that the district court erred in allowing the City to recover "cost to complete" damages. ISN asserts that recovery of non-incurred completion costs is contrary to Missouri law and to the contract's termination clause. We review the district court's interpretation of Missouri law de novo. Transit Cas. Co. v. Selective Ins. Co. of Southeast, 137 F.3d 540, 543 (8th Cir. 1998).

Under Missouri law, it "is well settled where a contractor has partially performed the work promised, the owner's damages are the cost of completion." Stege v. Hoffman, 822 S.W.2d 517, 520 (Mo. App. 1992). "Where the contractor's

performance is defective, the owner's damages are either cost of completion according to the contract terms or the difference in the value of the [project] as constructed and the value it should have if constructed according to the specifications." Id. However, the preferred measure is the cost to complete, which may include not only the cost to complete the project, but also the cost to repair and replace defective construction. County Asphalt Paving Co. Inc. v. The 1861 Group, Ltd., 908 S.W.2d 184 (Mo. App. 1995); Stege, supra. This is true even if the owner does not complete the work. White River Development Co. v. Meco Systems, Inc., 806 S.W.2d 735 (Mo. Ct. App. 1991). Thus, the district court did not err in its determination that Missouri law allows the City to recover cost to complete damages even if the completion costs are not incurred.

ISN also asserts that the district court misinterpreted the contract. It contends that the phrase in the termination clause, "together with the cost of completing the work," makes cost to complete damages a direct subcategory of "all costs incurred by the City." As such, the City must incur the cost of completing the project before they can recover those costs as damages.

Interpretation of the contract's termination clause is a question of law that we review de novo. Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist., 103 F.3d 1422 (8th Cir. 1997). The phrase "together with the cost of completing the work" is unambiguous. "Together with" is a conjunctive phrase, meaning that damages under the contract are not limited to the incurred costs, but are expanded to also include the cost to complete, the form of damages preferred under Missouri law. If the contract was intended to be contrary to law, it would have had to limit the City's damages to the incurred costs only and require the City to finish the project.

With respect to ISN's remaining arguments regarding the award of cost to complete damages, the Court has considered these arguments and finds them to be without merit.

B.     Liquidated Damages.

ISN's also argues that the contract's liquidated damages clause constituted a penalty.  Under Missouri law liquidated damages clauses are valid and enforceable, while penalty clauses are invalid. Taos Constr. Co. v. Penzel Constr. Co., 750 S.W.2d 522, 525 (Mo. App. 1988). The validity of the liquidated damages clause must be viewed at the time the contract was executed. Southwest Eng'g Co. v. United States, 341 F.2d 998 (8th Cir. 1965), cert. denied, 382 U.S. 819 (1965).

In order that a liquidated damages clause be valid:  (1) the amount fixed as damages must be a reasonable forecast for the harm caused by the breach;  and (2) the harm that is caused by the breach must be of a kind difficult to accurately estimate. Southwest Eng'g Co., supra; Grand Bissell Towers v. John Gagnon Enters., Inc., 657 S.W.2d 378, 379 (Mo. App. 1983).

ISN contends that the liquidated damages clause's purpose was to offset potential Federal Aviation Administration (FAA) penalties assessed against the City and any additional costs the City's consulting engineer incurred as result of ISN's failure to complete the project on schedule.  ISN claims that these purposes were improper because the amount of the FAA fine and the amount of the consulting engineer's additional costs were easily determinable.  ISN also contends that the liquidated damages clause that provides for a damage amount of $1500 per day "or FAA imposed penalty, whichever is larger," is penal.  The Missouri Court of Appeals dealt with these same arguments in Taos, supra, and rejected them.  In Taos, a subcontractor was suing the general contractor of a state roads project claiming the liquidated damages provision in the subcontract was a penalty.  The liquidated damages clause provided that the subcontractor would be liable to the general contractor for the full amount of any penalty assessed by the Missouri Highway and Transportation Commission (Commission) plus ten percent for any delays the subcontractor caused.  The Commission and the contractor agreed that the penalty would be $200 per day.  The

subcontractor caused delay and was assessed liquidated damages that totaled two-thirds of its contract price. The Missouri Court of Appeals held, first, the $200 per day penalty was a reasonable forecast by the Commission of potential damages, and, even if this was not the case, "in a public works project, the public entity may recover damages solely upon proof of a violation of the contract." Taos, 750 S.W.2d at 526, (citing, inter alia, Southwest Eng'g, supra.) Second, the fact that the amount of the liquidated damages to the subcontractor was a function of the Commission's penalty and, therefore, easy to calculate, did not make the clause a penalty. The subcontractor "agreed that it would be liable to [the general] for liquidated damages it caused or to which it contributed." Id. at 527. Finally, the court recognized that "it is proper for a prime contractor to 'pass on' to a subcontractor liquidated damages caused by a subcontractor." Id.

In this case, the amount of liquidated damages was $250 per day for failure to complete certain preliminary milestones, $500 per day for failure to meet certain intermediate milestones, and $1500 per day "or FAA imposed penalty, whichever is larger," for failure to complete the project by April 15, 1992. The contract also stated that the liquidated damages "shall not be deducted as a penalty but shall be considered a liquidation of a reasonable portion of damages that will be incurred by the City should [ISN] fail to complete the work in the time provided in [its] contract." At the time these amounts were negotiated in the original contract and renegotiated in the change order, the parties knew there was a possibility that the FAA would assess a $1000 per day penalty against the City for failure to complete the security system on time and knew that the City would have to expend additional funds to supervise the project if it was delayed. The exact amount of these costs was difficult to estimate and the parties agreed in the contract that these amounts were a "reasonable portion" of the damages the City would incur. The fact that the FAA penalty was not imposed is irrelevant because proof of actual damages at the time of the breach is not required in public works contracts, Taos, supra, Southwest Engineering, supra, notwithstanding, the City

did present evidence of other actual damages in this case. Furthermore, the passing on of the FAA fine is clearly analogous to the passing on of the penalty in the <u>Taos</u> case.

Finally, in support of its claim that the alternative nature of the "$1500 per day or FAA imposed penalty, whichever is larger" is penal, ISN relies on <u>Jennings v. First National Bank of Kansas City</u>, 30 S.W.2d 1049 (Mo. App. 1930). The contract in <u>Jennings</u> was a lease agreement in which the landlord had the right to determine at the time of the breach whether to assess liquidated damages or actual damages. <u>Id</u>. at 1053. The court found that the parties to the lease had never agreed upon the amount of probable damages and the landlord's "option to take a sum certain or actual damages and to make the election at the time of the breach work[ed] oppressively" and was therefore penal in nature. <u>Id</u>. <u>Jennings</u> is inapposite because here the parties agreed that damages would be difficult to ascertain and thus determined the amount of probable damages at the time the contract was made.

C.    The Ryn Estimate

ISN's final argument on appeal is that the district court erred in admitting Exhibit 954, the Ryn estimate, into evidence. "The admission of evidence is committed to the sound discretion of the district court." <u>Bevan v. Honeywell, Inc.</u>, 118 F.3d 603, 612 (8th Cir. 1997). We review only for a clear abuse of discretion, "and a ruling on admissibility will not be reversed on appeal absent a clear and prejudicial abuse of discretion." <u>Scheerer v. Hardee's Food Sys., Inc.</u>, 92 F.3d 702, 706 (8th Cir. 1996). Having reviewed the record, we find that the admission of the Ryn estimate was not a clear abuse of discretion.

**CONCLUSION**

Accordingly, we affirm the district court's judgment.

-7-

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.