# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3713

_____

The Weitz Company LLC,      *
     *
        Appellant,      *
     *
       v.      *    Appeal from the United States
     *    District Court for the
MacKenzie House, LLC;      *    Western District of Missouri.
MH Metropolitan, LLC;      *
Arrowhead Contracting, Inc.;      *
Concorde Construction Co., Inc.,      *
     *
        Appellees.      *

_____

Submitted: September 20, 2011
Filed: January 5, 2012

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The Weitz Company, LLC sued MacKenzie House, LLC and MH Metropolitan, LLC for breach of a construction contract. Arrowhead Contracting, Inc. and Concorde Co., Inc. are third-party defendants. MH Metropolitan counterclaimed for breach of the same contract, seeking liquidated damages and the cost to complete the project. Arrowhead also counterclaimed. The jury returned a verdict of $4,991,970.87 for MH Metropolitan, of $556,110 for Arrowhead, and for

Concorde on Weitz's claim. The district court[1] denied post-judgment motions. Weitz appeals. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.[2]

I.

MacKenzie House was the developer of a multi-building apartment project known as the Metropolitan Apartments. MacKenzie was also the managing member of MH Metropolitan, the owner of the Apartments. MH Metropolitan hired Weitz as the general contractor. Weitz initially agreed to complete the project within 458 days for a maximum price of $13,498,006. The time for completion was ultimately extended to 507 days, with the maximum price increased to $14,401,609. Weitz subcontracted with Arrowhead and Concorde, among others.

Work on the Apartments was delayed. Weitz attributes the delays to its subcontractors. MH Metropolitan blames Weitz, asserting several material breaches, including failing to provide required lien waivers, allowing liens to be filed against the project, providing poor quality construction, and falsifying a pay application. MH Metropolitan contends it exercised its contractual right to withhold payment on two of Weitz's applications. Weitz stopped work on December 26, 2006. By then, the first Building of the project was four months late, and the entire project two months late. On January 18, 2007, MH Metropolitan terminated Weitz for cause, finishing the project without Weitz.

The next month, Weitz sued MacKenzie House and MH Metropolitan for the unpaid contract balances. MH Metropolitan counterclaimed for breach of contract, seeking liquidated damages and the cost to complete. According to MH

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

[2]This opinion supercedes the opinion filed on December 8, 2011.

-2-

Metropolitan, Weitz's mismanagement was cause to stop payment and cancel the contract. Weitz made third-party claims against Arrowhead and Concorde for their allegedly defective work, the cost to complete their work, and the delays they allegedly caused. Arrowhead counterclaimed for amounts due under its subcontract, arguing Weitz terminated it improperly.

The jury awarded MH Metropolitan liquidated damages of $3,022,520 due to project delay, and $1,969,450.87 for the cost of completion. The jury also awarded Arrowhead $556,110, and found for Concorde. The district court denied post-judgment motions, entering judgment on the jury's verdict. Weitz appeals.

## II.

Weitz contends that the district court erred as a matter of law in six ways by: not granting judgment as a matter of law against MH Metropolitan; excluding evidence of two other construction projects involving the parties; miscalculating the liquidated damages and completion costs; declining to enter judgment on Weitz's breach-of-contract claims against Arrowhead; not entering a default judgment against Concorde for failing to appear at trial; and ruling that MacKenzie House could not be vicariously liable for the acts of MH Metropolitan.

## A.

Weitz argues that the district court erred in failing to grant it judgment as a matter of law on MH Metropolitan's breach-of-contract claim.

This court reviews de novo a denial of a motion for judgment as a matter of law. *Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982, 988 (8th Cir. 2007). Judgment as a matter of law is granted if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on

-3-

that issue." **Fed. R. Civ. P. 50(a)(1)**. This court makes all reasonable inferences in favor of the nonmoving party and views the facts most favorably to that party. *Chalfant*, 475 F.3d at 988.

During the twelve-day trial, MH Metropolitan presented evidence that Weitz committed several material breaches — failing to provide the required lien waivers, allowing liens to be filed against the project, causing substantial delays in the project, completing poor quality construction, and falsifying a pay application. MH Metropolitan submitted testimony and videos showing Weitz's poor quality construction. The jury also heard that Weitz could not properly prepare, update, or follow its schedules, which contributed to delaying the project. The project architect concluded that Weitz breached the contract in at least these respects. The evidence at trial also established other breaches. As a result, MH Metropolitan exercised the contractual right to withhold payment and terminate Weitz for cause. As the jury instructions noted, to recover for breach of contract, a party must show its own substantial compliance with the contract. *Brockman v. Soltysiak*, 49 S.W.3d 740, 745 (Mo. App. 2001). Weitz alleges that it complied with the contract, but whether a contract has been substantially performed depends on the facts and circumstances of the particular case. *In re Estate of English*, 691 S.W.2d 485, 489 (Mo. App. 1985). The jury as fact finder resolved this issue against Weitz. *See Browning v. President River Boat Casino-Missouri, Inc.*, 139 F.3d 631, 634 (8th Cir. 1998) ("Appellate review of a jury verdict is extremely deferential"). There was a legally sufficient evidentiary basis for the jury's verdict. *See* **8th Cir. R. 47B**.

B.

Weitz maintains that the district court incorrectly excluded evidence of two other construction projects — one ending in litigation[3] — involving the parties.

---

[3]*Weitz Co. v. MH Washington*, 631 F.3d 510 (8th Cir. 2011).

This court respects the district court's "'wide discretion in admitting and excluding evidence, and its decision will not be disturbed unless there is a clear and prejudicial abuse of discretion.'" *McPheeters v. Black & Veatch Corp.*, 427 F.3d 1095, 1101 (8th Cir. 2005) (citation omitted). To warrant reversal, such a prejudicial abuse of discretion must also affect the substantial rights of a party. *Id.* Likewise, the denial of a motion for a new trial is reviewed for an abuse of discretion. *Chalfant*, 475 F.3d at 992. "The crucial determination 'is whether a new trial should have been granted to avoid a miscarriage of justice.'" *PFS Distrib. Co. v. Raduechel*, 574 F.3d 580, 589 (8th Cir. 2009) (citation omitted).

MacKenzie House was the developer on the two other projects Weitz references (other corporate entities MacKenzie House managed owned the projects). Even assuming that MH Metropolitan and MacKenzie House are one entity, however, evidence of prior or other acts "is not admissible to prove the character of a person in order to show conformity therewith." **Fed. R. Evid. 404(b).** "[P]rior acts include prior lawsuits." *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008). Evidence of prior or other acts "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." **Fed. R. Evid. 404(b).** This type of evidence is admitted only when one of these legitimate purposes is at issue in the case. *King v. Arens*, 16 F.3d 265, 268 (8th Cir. 1994); *Donald v. Rast*, 927 F.2d 379, 381 (8th Cir. 1991).

The only claims in this case are for breach of contract. The issue at trial was whether the parties complied with the contract. Proving a breach here does not put motive, intent, plan, or knowledge at issue. *See Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1194 (10th Cir. 1997). Weitz argues that MH Metropolitan "opened the door" to the evidence, but points to no instance where MH Metropolitan focused on the other projects. In addition, the district court instructed the jury not to speculate about the previous projects and to decide the case solely on the law and the

evidence in this trial. In light of the instruction, the few instances where MH Metropolitan alluded to another project do not affect Weitz's substantial rights. The district court properly exercised its discretion in excluding the evidence of other projects.

C.

According to Weitz, the district court erred in miscalculating the liquidated damages and completion costs.

Weitz asserts that the liquidated damages clause is a penalty. The interpretation of a contract is a question of law, reviewed de novo. *Simeone v. First Bank N.A.*, 971 F.2d 103 (8th Cir. 1992). Here, the liquidated damages clause was a reasonable forecast of delay damages — as the parties agreed at the time of contracting — and is thus enforceable. *See Diffley v. Royal Papers, Inc.*, 948 S.W.2d 244, 246 (Mo. App. 1997); *Information Sys. & Networks Corp. v. City of Kansas City*, 147 F.3d 711, 714 (8th Cir. 1998) (applying Missouri law).

Weitz argues that the liquidated damages are overstated because they were measured based on the wrong number of buildings. The district court properly ruled that the parties' agreement is unclear about how many buildings should be used. Because of this ambiguity, the issue was properly submitted to the jury, and this court will not overturn their reasoned verdict. *See Graham v. Goodman*, 850 S.W.2d 351, 354 (Mo. banc 1993) ("The trial court must then determine from the evidence whether the surrounding circumstances are such that a fact issue exists for the jury to resolve."); *Fitch v. Doke*, 532 F.2d 115, 117 (8th Cir. 1976) ("Where, however, the contract is ambiguous, the meaning of its terms is to be determined by the jury in the light of the evidence of the surrounding circumstances and the practical construction of the parties."). *See generally Browning*, 139 F.3d at 634 ("Appellate review of a jury verdict is extremely deferential").

-6-

Weitz seeks to apply a Missouri Supreme Court decision limiting liquidated damages for construction delay to the time *before* the owner removes the contractor from the project. **Moore v. Board of Regents**, 115 S.W. 6, 12-13 (Mo. 1908). The facts in *Moore* were different from those here: there, the project was not yet late when the owner terminated the contract. **Id.** at 12-13. More importantly, if faced with this case, the Missouri Supreme Court would not follow *Moore*. *See* **Gilstrap v. Amtrak**, 998 F.2d 559, 561 (8th Cir. 1993) ("Our task is fairly simple: if we find clear evidence that the [state] Supreme Court would not uphold [the prior decision], we shall not apply it to this case"). *Moore* relied on a New York case for the principle that liquidated damages are not the correct measure of damages when the contractor does not complete the project. **Gallagher v. Baird**, 66 N.Y.S. 759, 763 (App. Div. 1900). *Gallagher* actually stands for the proposition that the cost to complete is a better measure of damages when a contractor abandons the project before the contracted completion date. **Id.** at 762-63 ("There was no completion or attempt to complete, but an utter abandonment, and such [liquidated damages] clause was not intended to cover such a case, nor was provision made in the contract for such a contingency.").[4] That conclusion does not resolve the calculation of liquidated damages in this case where the project is late when the owner terminates the contract.

Weitz also invokes a Missouri intermediate appellate case that acknowledges the divided authorities, but follows *Moore*. **Twin River Const. Co. v. Public Water Dist. No. 6**, 653 S.W.2d 682, 693-94 (Mo. App. 1983). Intermediate court decisions, however, are not dispositive as to how a state's highest court would resolve a matter.

---

[4]At any rate, other cases in New York allow liquidated damages against a contractor who abandons a project. *See generally* Jay M. Zitter, Annotation, *Liability of Contractor who Abandons Building Project Before Completion for Liquidated Damages for Delay*, 15 **A.L.R. 5th** 376, §§ 4-5 (1993) (compiling two contrary lines of New York cases about whether the abandoning contractor can or cannot be held liable for liquidated damages for period of time reasonably necessary to complete project).

*E.g.*, ***Bogan v. General Motors Corp.***, 500 F.3d 828, 831 (8th Cir. 2007); *cf.* ***Six Companies of California v. Joint Highway Dist. No. 13***, 311 U.S. 180, 188 (1940) (instructing federal appellate courts to follow intermediate state appellate court decisions when "there is no convincing evidence that the law of the State is otherwise."); ***Washington v. Countrywide Home Loans, Inc.***, 2011 WL 3962831, *3 (8th Cir. 2011) (noting intermediate appellate court decisions must be followed if they are the best evidence of the law). In the absence of guidance from the highest state court (or a statute on point), the federal court's task is to predict how the Missouri Supreme Court would rule if confronted with the issue today. *E.g.*, ***Pennsylvania Nat'l Mut. Cas. Ins. Co. v. City of Pine Bluff***, 354 F.3d 945, 952 (8th Cir. 2004); ***Maschka v. Genuine Parts Co.***, 122 F.3d 566, 573 (8th Cir. 1997). If the Missouri Supreme Court were to address the issue today, it would allow liquidated damages for a reasonable time after abandonment by the contractor or termination by the owner. *See* ***Gilstrap***, 998 F.2d at 562 ("'[I]n an appropriate case, a federal court must not consider itself bound by old state court decisions if it is convinced by other persuasive data that the highest court of the state would [now] decide otherwise." (alteration in original) (citation and internal quotation marks omitted)).

Weitz contends that the contract precluded MH Metropolitan from claiming certain damages as part of the completion costs. "When a breach [in a construction contract] results from a combination of defective construction and a failure to complete the work, the owners' damages are calculated using the reasonable cost of reconstruction, repair, and completion in accordance with the contract." ***Ernery v. Freeman***, 84 S.W.3d 529, 536 (Mo. App. 2002); *see also* ***Information Systems***, 147 F.3d at 713 (applying Missouri law). Weitz would categorize some of MH Metropolitan's damages as "delay damages" and "theft and property damages" that the contract bars MH Metropolitan from recovering. MH Metropolitan responds that the damages are in fact costs to complete incurred when it became the contractor on the project. The district court correctly decided that these are issues of fact for the

jury. The jury rejected Weitz's damages arguments, and this court will not overturn its reasoned verdict. *See Browning*, 139 F.3d at 634 ("Appellate review of a jury verdict is extremely deferential").

## D.

Weitz claims that the district court should have entered judgment as a matter of law for it on the breach-of-contract claims against Arrowhead.

This court reviews de novo a denial of a motion for judgment as a matter of law and grants it if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Chalfant*, 475 F.3d at 988; **Fed. R. Civ. P. 50(a)(1)**. This court makes all reasonable inferences in favor of the nonmoving party and views the facts most favorably to that party. *Chalfant*, 475 F.3d at 988.

Weitz largely reargues its version of the facts. On each point, there was sufficient evidence to reject Weitz's position. The jury was entitled to credit Arrowhead's evidence that Weitz committed the first material breach and did not substantially perform its agreement with Arrowhead, excusing Arrowhead from performance. After receiving the evidence, the jury chose — as it was entitled to do — to reject Weitz's evidence. This court finds a legally sufficient evidentiary basis for that choice. *See* **8th Cir. R. 47B**.

## E.

Weitz asserts that the district court erred in refusing to enter a default judgment against Concorde when it failed to appear at trial, or in the alternative, refusing to grant Weitz judgment as a matter of law on its claims against Concorde. This court

reviews decisions on default judgments for abuse of discretion.  *Forsythe v.  Hales*, 255 F.3d 487, 490 (8th Cir.  2001).

Concorde was represented by counsel for much of the litigation — filing an answer, complying with all pretrial orders, and responding to all discovery requests and dispositive motions.  By these acts, particularly by filing an answer, Concorde did defend, and the district court was not required to enter a default judgment against it. *See United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993) ("Because [the party] filed an answer . . . he indicated a desire to defend against the action."); *cf. Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (stating it is within the district court's discretion to enter default judgment even after filing of answer if party's later conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.' (citation omitted)).  About two and a half weeks before trial, Concorde's attorneys moved to withdraw; the court granted the motion on January 13, 2010.  On the morning of January 25, when trial began, Concorde was not represented by counsel.  The district court denied Weitz's motion for a default judgment, and Weitz — unopposed — submitted its claims against Concorde to the jury.  Choosing not to appear for trial — especially after defeating motions to dismiss a counterclaim — does not necessarily constitute the "willful violation" of court rules that places a defendant in default.  *See Harre*, 983 F.2d at 130. (Default judgment for failure to defend is appropriate when the party's conduct includes "willful violations of court rules, contumacious conduct, or intentional delays.").  The jury rejected Weitz's claims, and the district court properly allowed that decision to stand.  *Cf. Pfanensteil Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved.  . . . to avoid the problems of dealing with inconsistent damage determinations . . . .")

As the district court concluded, it would be unjust to grant judgment to Weitz after the jury rejected its contentions.

### F.

Weitz contends that the district court should have ruled that MacKenzie House — which did not sign the contract — could be vicariously liable for the acts of MH Metropolitan. Because the district court properly found against Weitz on all issues, there is no reason to consider the issue of vicarious liability.

*******

The judgment of the district court is affirmed.

_____

-11-