# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2047
_____

Diane E. Perkins

*Plaintiff - Appellant*

v.

Megan J. Brennan, Postmaster General US Postal Service

*Defendant - Appellee*

James Jonathan Allen, in his capacity as employee & Manager; Mary A. Cheeney, in her capacity as employee & Manager; Karen Marks, in her capacity as employee & Union Rep; Equal Employment Opportunity Commission, an Investigative Authority

*Defendant*s
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: January 3, 2018
Filed: January 10, 2018
[Unpublished]
_____

Before GRUENDER, MURPHY, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Diane Perkins appeals following the district court's[1] adverse grant of summary judgment in her pro se employment-discrimination action against her employer, the United States Postal Service (USPS). Perkins alleged that USPS discriminatorily targeted her for harsher discipline than younger, white, male employees by issuing a termination notice (later reduced to a suspension) for repeated time-and-attendance violations. She argues that the district court erred by denying her motions for default judgment, by granting summary judgment, and by denying her post-judgment motion. We affirm.

First, we find no abuse of discretion in the denials of default judgment, as USPS timely answered once properly served. See Weitz Co., LLC v. MacKenzie House, LLC, 665 F.3d 970, 977 (8th Cir. 2012) (standard of review); Fed. R. Civ. P. 4(i)(1)(A)-(B), 4(i)(2), 12(a)(2). Second, we conclude that summary judgment was proper on the merits.[2] See Gibson v. Am. Greetings Corp., 670 F.3d 844, 852 (8th Cir. 2012) (standard of review). We agree with the district court that, even assuming Perkins stated a prima facie case of age, race, and sex discrimination, the evidence revealed no genuine issue of material fact as to whether USPS's proffered reason for issuing the termination notice was a pretext for such discrimination. See Henry v. Hobbs, 824 F.3d 735, 739 (8th Cir. 2016) (at pretext stage, test for determining whether employees are similarly situated to plaintiff is rigorous); Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691-92 (8th Cir. 2002) (evidence of disparate treatment can support assertion of pretext, but comparable employee must have been similarly situated to plaintiff in all relevant respects; comparator was not similarly situated

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

[2]We note that Perkins contacted an Equal Employment Opportunity (EEO) counselor within 45 days of the date her termination was scheduled to become effective. See 29 C.F.R. § 1614.105(a)(1) (stating that "in the case of personnel action," employee must seek EEO counseling "within 45 days of the effective date of the action" as prerequisite to filing complaint).

where plaintiff did not show "comparable disciplinary history"). Finally, the district court did not clearly abuse its discretion in denying the post-judgment motion. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (standard of review).

Accordingly, we affirm the judgment. See 8th Cir. R. 47B.

_____