William WISE; Pauline Daniels; Paul Denning; Otto Jones, Appellees,

v.

Dave PARKMAN, individually and in his official capacity of Sheriff of St. Francis County, Appellant.

No. 90–1585.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 26, 1990.

Decided May 10, 1991.

Fletcher Long, Forrest City, Ark., did not argue, for appellant.

Fletcher See, III, Little Rock, Ark., for appellees.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

William Wise, Pauline Daniels, Paul Denning (collectively referred to as the "plaintiffs"), and Otto Jones are former employees of the sheriff's office in St. Francis County, Arkansas. They were discharged by then sheriff-elect Dave Parkman. Plaintiffs and Jones brought suit against Parkman, both as an individual and in his capacity as sheriff, St. Francis County (the "county"), and several other county officials. The suit alleged that plaintiffs and Jones were fired in violation of the first amendment and in breach of an employment contract. The constitutional cause of action was against both Parkman and the county. The breach of contract cause of action was against the county alone. After the court directed a verdict for the county on Jones's breach of contract claim, all claims were submitted to the jury. The jury found for Parkman and the county on the first amendment claim, but found for plaintiffs on the breach of contract claim.

In an effort to appeal this judgment, Parkman filed a notice of appeal which stated, "Notice is hereby given that Dave Parkman, Individually and in his official capacity as Sheriff of St. Francis County, Defendant above-named, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the Judgment entered in this action on the 13th day of March, 1990." Briefs were submitted by both sides, and oral argument was held. During the appeals process, the question arose whether the proper party had appealed. The notice of appeal is in Parkman's name only, although it states that Parkman is appealing both as an individual and in his official capacity as sheriff. The county has not filed a separate notice of appeal. Thus, we must determine whether the county is a party to this appeal.

Parkman makes several assertions to support his contention that the notice of appeal is valid even though it does not separately name the county as a party. He first states that the case style used throughout this case never listed the county as a separate party and that the county

has never been named as a separate party in any of the pleadings, briefs, or other papers filed in connection with this case. Our review of the record indicates that the county was clearly set out as a separate defendant in the complaint and that the county filed a separate answer to the complaint. Therefore, while we agree the county has never been specifically named in the *style* of any papers filed in these proceedings, it was included as a separate defendant, and it reacted in recognition of this fact by separately answering the complaint.

Parkman next asserts that although the judgment was rendered against the county rather than Parkman, this is because the judgment was actually rendered against Parkman in his capacity as Sheriff of St. Francis County, not because the county was a party to the suit. This is not correct. Two causes of actions were submitted to the jury. The first, a civil rights violation, was submitted as "against the defendants Dave Parkman and St. Francis County." The jury found for the defendants on this claim. The second, a breach of contract violation, was submitted as "against the defendant St. Francis County." The fact that the jury forms clearly differentiated between Parkman and the county, coupled with the fact that the county was included as a separate defendant in the complaint, indicate that the judgment was rendered against the county in its own capacity rather than against Parkman in his capacity as sheriff. In fact, the district court's order denying a new trial and a judgment notwithstanding the verdict contains a footnote on its first page which clearly indicates that the judgment was rendered against the county and not Parkman.

Parkman claims that he is the proper party to appeal the judgment against the county because he is the party defendant. We find this to be incorrect. The district court stated there was a judgment only against the county, not Parkman. He therefore had no injury from which he could appeal. The only other possibility that he was the proper party to appeal would be if Parkman, in his capacity as Sheriff of St. Francis County, possessed the authority to appeal judgments against the county. Ark.Code Ann. § 16–67–208 (1987) authorizes a county judge to appeal a judgment against a county, but an examination of the Code and Arkansas case law fails to provide any support for Parkman's contention that county sheriffs have the same power.

Finally, Parkman argues that the notice of appeal was sufficient under the standard set out in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). We disagree. Parkman refers to language in *Torres* which states that the rules of procedure should be liberally construed and that mere technicalities should not prevent consideration of a case on its merits. The problem with Parkman's reasoning is that the opinion makes it clear that failure to name a party in a notice of appeal is more than a mere technicality; it constitutes failure of that party to appeal. *Torres*, 312 U.S. at 314, 108 S.Ct. at 2407. *Torres* prohibits us from exercising jurisdiction over a party not named in a notice of appeal after the time for filing a notice of appeal has passed. Because the notice of appeal in this case did not name St. Francis County, we lack jurisdiction to consider this appeal.

In his response to the order to show cause why the appeal should not be dismissed, plaintiffs' counsel included a request for attorney fees and costs as permitted under Ark.Code Ann. § 16–22–308. The record is unclear whether counsel first made this request of the district court. To the extent, if any, counsel's request relates to attorney fees and costs incurred obtaining the judgment, any award should be made by the district court. We therefore express no opinion as to those fees and costs. As for attorney fees and costs incurred during the course of this appeal, we note that such an award under Ark.Code Ann. § 16–22–308 is permissive in nature. After due consideration, we decline to grant attorney fees or costs in this case.

Procedural rules may seem overly technical and petty, and they may cause an apparently harsh and seemingly inequitable result. Nevertheless, we are bound to fol-

low the law and arrive at the results it dictates. For the foregoing reasons, this appeal is dismissed. Each party shall bear his, her, or its own costs.