**M.C. JEFFERS, on behalf of themselves and all others similarly situated; Al Porter, on behalf of themselves and all others similarly situated; Evangeline Brown, on behalf of themselves and all others similarly situated; Clyde Collins, on behalf of themselves and all others similarly situated; Earl Foster, on behalf of themselves and all others similarly situated; Rev. Ellihue Gaylord, on behalf of themselves and all others simi-**

larly situated; Shirley M. Harvell, on behalf of themselves and all others similarly situated; Linda Shelby, on behalf of themselves and all others similarly situated; J.C. Jeffries, on behalf of themselves and all others similarly situated; Joseph Perry, on behalf of themselves and all others similarly situated; Clinton Richardson, on behalf of themselves and all others similarly situated; T.E. Patterson, on behalf of themselves and all others similarly situated; Earnest Simpson, on behalf of themselves and all others similarly situated; Brian Smith, on behalf of themselves and all others similarly situated; Charlie Statewright, on behalf of themselves and all others similarly situated, Appellees,

v.

Bill CLINTON, in his official capacity as Governor of Arkansas and chairman of The Arkansas Board of Apportionment; W.J. McCuen, in his official capacity as Secretary of State of Arkansas and Member of the Arkansas Board of Apportionment; Winston Bryant, in his official capacity as Attorney General of Arkansas and member of the Arkansas Board of Apportionment, Appellants.

No. 92–2903.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1993.

Decided May 7, 1993.

Tim Humphries, Little Rock, AR, argued, for appellants.

Perlesta A. Hollingsworth, Little Rock, AR (Don E. Glover, Dermott, AR, L.T. Simes of West Helena, AR, Julius LeVonne Chambers, Charles Stephen Ralston and Dayna L. Cunningham, New York City, and Penda D. Hair, Washington, DC, on the brief), for appellees.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

In the present proceedings, appellants, in their official capacities, appeal the award of attorneys' fees for plaintiffs who successfully challenged the 1981 apportionment of the Arkansas legislature under the Voting Rights Act, 42 U.S.C. § 1973. A three-judge district court awarded a total in attorneys' fees and expenses of $1,034,492 including an adjusted fifty percent enhancement over the lodestar[1] amount of $653,687 to account for the contingency factor in the lawsuit.

Only the enhanced fee is at issue. As a threshold question, the appellees contest the jurisdiction of this court to decide this appeal because the notice of appeal fails to name several of the appellants.

We reject the jurisdictional defense to the appeal and reverse and remand this case for further consideration by the three-judge district court.

## I.

Seventeen African–American citizens of Arkansas challenged the 1981 legislative apportionment plan as violating the Voting Rights Act and the U.S. Constitution. The plaintiffs sued the Arkansas Governor, Attorney General, Secretary of State, and Board of Apportionment.

The complaint in the case before the United States District Court for the Eastern District of Arkansas, Eastern Division lists the following defendants:

BILL CLINTON, in his capacity as Governor of Arkansas and Chairman of the Arkansas Board of Apportionment; W.J. McCUEN, in his capacity as Secretary of State of Arkansas and member of the Arkansas Board of Apportionment; and STEVE CLARK, in his capacity as Attorney General of Arkansas and member of the Arkansas Board of Apportionment; and the ARKANSAS BOARD OF APPORTIONMENT

Appendix of Appellants at A–1.

A three-judge district court found the redistricting plan violated the Voting Rights

Act and in a later decision found it also violated the fifteenth amendment. *Jeffers v. Clinton,* 730 F.Supp. 196 (E.D.Ark.1989). The four defendants appealed both rulings to the Supreme Court, filing a notice of appeal in the name of "Bill Clinton, W.J. McCuen, Steve Clark, and the Arkansas Board of Apportionment." The Supreme Court summarily affirmed the district court on the Voting Rights Act claim and the defendants withdrew their appeal on the constitutional claim.

The plaintiffs then filed an application under 42 U.S.C. § 1973*l* (e) for attorneys' fees and costs against the four defendants. The district court granted the application, awarding $1,034,492, consisting of a lodestar fee award of $653,687, a cost and expense award of $72,060, and a fifty percent contingency enhancement of $305,745.

The district court made adjustments to the hourly rates and hours worked for lawyers and paralegals serving plaintiffs' cause, arriving at a lodestar figure of $653,895 and enhanced this lodestar to account for the possibility of losing the case. The enhancement amounted to a fifty percent increase in fees applying to hours entitled to enhancement (excluding certain hours such as those spent on fee petition) and added $308,745 to the lodestar fee.[2]

Initially, all four defendants sought to appeal the fee award to the United States Supreme Court, the Court which had jurisdiction over the merits. *See Clinton v. Jeffers,* —— U.S. ——, 111 S.Ct. 1096, 112 L.Ed.2d 1200 (1991). The Supreme Court declined to decide the issue but vacated the prior judgment and remanded the case "to the United States District Court for the Eastern District of Arkansas with instructions to enter a fresh judgment from which an appeal may be taken to the United States Court of Appeals for the Eighth Circuit." Appendix of Appellants at A–32. The district court entered a substituted judgment.

---

1. The lodestar is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clear Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

2. Senior United States District Judge Eisele dissented, opining that the fee award was excessive and the enhancement unjustified.

This appeal followed. The Notice of Appeal from the district court judgment is entitled "M.C. Jeffers, et al. v. Bill Clinton, et al." and recites that "Notice is hereby given that Bill Clinton, et al., defendants herein, appeal...." Appendix of Appellants at A–33.

## II.

The appellees contend only one of the four defendants filed a timely notice of appeal. They claim this court has no jurisdiction over the three parties not named in the appeal: Arkansas Secretary of State W.J. McCuen, Attorney General Clark, and the Board of Apportionment. The appellees concede that Bill Clinton is a proper party. The title of the action establishes Clinton is sued in his official capacity as Governor of Arkansas and Chairman of the Arkansas Board of Apportionment.

We need to resolve the question whether the notice of appeal complies with Fed. R.App.P. 3(c) which provides, in relevant part:

The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.

The appellees contend the appeal is defective because it fails specifically to name parties other than Bill Clinton. The appellees rely on Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), stating the Supreme Court has held that "et al." fails to provide the requisite notice of the identity of the appellants.

We reject this jurisdictional challenge. The Torres decision does not apply in this case. In Torres, the Supreme Court considered whether petitioner Torres, one of sixteen plaintiffs who intervened in an employment discrimination suit against the respondent, Oakland Scavenger Company, could claim a right to be an appellant when the notice of appeal and the order of the court of appeals, which granted relief on the appeal to the appellants, did not contain his name. Torres contended the use of "et al." in the notice of appeal was sufficient to indicate his intention to appeal. Justice Marshall, writing for the majority, stated:

Petitioner urges that the use of "et al." in the notice of appeal was sufficient to indicate his intention to appeal. We cannot agree. The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions. The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal.

Torres, 487 U.S. at 317–18, 108 S.Ct. at 2409.

The Torres case relates to an individual party who had an individual interest in the case and who was not named as an appellant. The instant case differs in that the parties here are sued in their official capacities and the State of Arkansas is responsible for paying the attorneys' fees.

The relevant and persuasive authority for us is Brown v. Palmer, 915 F.2d 1435 (10th Cir.1990). In that case, plaintiffs brought a civil rights action for violation of their first amendment rights to distribute leaflets at Peterson Air Force Base in Colorado Springs, Colorado during Armed Forces Day. The action named Colonel James O. Palmer, the base commander of Peterson Air Force Base, and Colonel Eugene T.M. Cullinane, the commanding officer of the Headquarters of the Air Force's Third Space Support Wing in their official capacities.

The federal district court granted relief to the plaintiffs and the defendants attempted a timely appeal in which the United States Attorney for the District of Colorado filed a notice listing Colonel James O. Palmer, et al., as defendants-appellants. The notice of appeal failed to specify whether Palmer was sued in his official capacity and further failed

to name Colonel Eugene T.M. Cullinane, the second defendant in the original complaint.

The Tenth Circuit determined that the plaintiffs received fair notice under *Torres* because they understood that an appeal by Colonel Palmer was in effect an appeal by the United States, as they had sued Colonel Palmer and Colonel Cullinane only in their official capacities. *Brown,* 915 F.2d at 1439 (citing *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.")). The Tenth Circuit added, "[w]e need not decide whether the appeal is valid with regard to Colonel Cullinane because the designation of either one of the defendants perfected the appeal by the United States." *Id.* at 1439, n. 3.

As with *Brown,* the appeal by Governor Bill Clinton, who was sued in his official capacity, gives fair notice that the State of Arkansas, which was the obligor on the fee bill, sought to appeal.

Furthermore, in this case, appellees could not mistake that all defendants intended to appeal because in the initial appeal to the United States Supreme Court on the fee award which was later reinstated by the three-judge district court, all of the named defendants had joined in the notice of appeal. Thus, the second notice of appeal to this court naming "Bill Clinton, et al., defendants herein," Appendix of Appellants at A–33, obviously included all of the defendants who serve in an official capacity as officers of the State of Arkansas.[3]

Accordingly, we hold the notice of appeal here gave fair notice to the appellees that the State of Arkansas and Bill Clinton, on behalf of the State, were appealing the fee award. We reject the jurisdictional challenge and reach the merits of the challenge to the enhanced fee claim.

**III.**

◼ More than two months after the substituted judgment in this case, the law regarding fee enhancements on the basis of contingency changed significantly. On June 24, 1992, the Supreme Court decided *City of Burlington v. Dague,* —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). In *City of Burlington,* the district court granted a fee award, enhancing the lodestar amount by twenty-five percent on the grounds that respondents' attorneys were retained on a contingent fee basis and that without such enhancement respondents would have faced substantial difficulties in obtaining suitable counsel. While the Second Circuit had affirmed the fee award, the Supreme Court reversed and, in the majority opinion written by Justice Scalia, reasoned

Contingency enhancement is a feature inherent in the contingent-fee model (since attorneys factor in the particular risks of a case in negotiating their fee and in deciding whether to accept the case). To engraft this feature onto the lodestar model would be to concoct a hybrid scheme that resorts to the contingent-fee model to increase a fee award but not to reduce it. Contingency enhancement is therefore not consistent with our general rejection of the contingent-fee model for fee awards, nor is it necessary to the determination of a reasonable fee.

*Burlington,* —— U.S. at ——, 112 S.Ct. at 2643. The Supreme Court's opinion in *City of Burlington* requires that we reject the enhancement granted by the district court.

The appellees suggest that language in the *City of Burlington* case permit factoring contingency into the lodestar rates. The appellants disagree, referring to the following language:

The risk of loss in a particular case (and, therefore, the attorney's contingent risk) is the product of two factors: (1) the legal and factual merits of the claim, and (2) the

---

**3.** The Eighth Circuit case of *Wise v. Parkman,* 932 F.2d 745 (8th Cir.1991), is distinguishable. In that case, an appeal by a sheriff in his own name and in his official capacity did not present an appeal by the county, which was named as a separate defendant and which separately answered the complaint in the action. Moreover, the judgment in that case applied against the county only, not against the individual sheriff defendant and the state law did not give the sheriff authority to appeal a judgment against the county.

difficulty of establishing those merits. The second factor, however, is ordinarily reflected in the lodestar—either in the higher number of hours expended to overcome the difficulty, or in the higher hourly rate of the attorney skilled and experienced enough to do so.

*City of Burlington,* —— U.S. at ——, 112 S.Ct. at 2641. This argument should be properly addressed to the fee setters, the judges of the district court. Accordingly, we vacate the enhancement fee and remand the fee issue to the district court to enter a final judgment on the attorneys' fees consistent with this opinion.