# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3638

_____

United States of America,  　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,  　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　*　District Court for the Eastern
　　　v.  　　　　　　　　　　*　District of Missouri.
　　　　　　　　　　　　　　　　*
Reginald Williams,  　　　　　　*　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.  　　　*

_____

Submitted: April 18, 2006
　　　Filed: April 24, 2006

_____

Before ARNOLD, FAGG, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

After police received an anonymous tip that a woman had crack cocaine at a day care center, officers Reginald Williams and Terrell Carter went to the center and arrested Rolanda Watkins, who confessed she was holding the cocaine for Demetrius Childs. When Childs went to the center to retrieve the cocaine from Watkins, Williams and Carter arrested Childs and the two other men in his vehicle. Williams planted drugs in the car, and stole $740 from Childs. Williams then wrote a police report of the events that was completely false. Williams later pressured the United States Attorney to prosecute the three men based on his police report. After Carter confessed Williams had planted drugs on the arrested men, the Government filed

charges against Williams. Others then came forward stating Williams had treated them similarly.

Before trial, the Government gave notice of its intent to use some of the specific instances of Williams's other bad acts under Federal Rule of Evidence 404(b). At trial, over Williams's objection, the Government presented two of the incidents as Rule 404(b) evidence. Michael Watson, a drug dealer, testified that when he refused Williams's request to cooperate against others, Williams created a false police report claiming to have found drugs on Watson. During the arrest, Williams stole $1500 and a cell phone from Watson, and ran up $1700 in charges on the phone. Michael Banks, an airport employee, also testified that on the day he cashed his paycheck, Williams created a false police report in which he claimed to have seen Banks dealing drugs, and stole $750 from Banks. Williams testified in his own defense. A jury convicted Williams of hindering prosecution, obstruction of justice, and making a false statement, and the district court[*] sentenced him to 78 months in prison.

On appeal, Williams contends the district court committed error in allowing the Government to introduce the Rule 404(b) evidence. We review the admission of Rule 404(b) evidence for abuse of discretion. United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir. 2006). The district court has broad discretion to admit the evidence, and we reverse only when the "'evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts.'" Id. (quoting United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005)).

Rule 404(b) states that evidence of a defendant's earlier crimes or acts is not admissible to show the defendant acted in conformity with the earlier acts, but is

---

[*]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, presided over Williams's trial. The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sentenced Williams.

admissible for other purposes, such as to prove intent or plan. Evidence of earlier bad acts is admissible when it is relevant to a material issue, similar in kind and close in time to the charged crime, and proven by a preponderance of the evidence, as long as the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Id.

The district court did not abuse its discretion in admitting the testimony of Watson and Banks. Williams arrested both men for drug offenses, although they had none. He then planted drugs, stole their cash, and filed false police reports. These incidents were highly relevant because they were nearly identical to the charged crime, and helped the jury decide Williams's intent, plan, and method of operation. Williams attacks witness credibility, and claims the incident involving Watson was too remote in time. It was the jury's duty to assess the credibility of the witnesses providing the Rule 404(b) evidence, United States v. Jourdain, 433 F.3d 652, 659-60 (8th Cir. 2006), however, and the nine-year time span between Watson's arrest in 1996 and Williams's trial in 2005 was not unreasonable, see United States v. Koski, 424 F.3d 812, 818 (8th Cir. 2005) (seven-year span reasonable); United States v. Strong, 415 F.3d 902, 905-06 (8th Cir. 2005) (thirteen-year span reasonable). Further, the probative value of the evidence outweighed its potential prejudicial effect.

Williams also contends the district court should not have admitted evidence about the arrest of Cortez Brown under Rule 404(b). Contrary to Williams's contention, the evidence was not admitted under Rule 404(b). Near the end of Carter's testimony for the Government, the Government questioned him about his nonprosecution agreement, his beating of one of the wrongly arrested men, and his falsification of a police report about the arrest of Cortez Brown. Carter stated he wrote the report with false facts suggested by Williams and later swore under oath that those facts were true. Williams did not object to admission of the evidence at trial, and used the information to try to impeach Carter. We conclude the district court did not commit plain error in admitting the testimony. The Government was entitled to

present evidence that could be used to impeach its own witness. <u>United States v. Carpenter</u>, 11 F.3d 788, 789-90 (8th Cir. 1993).

Accordingly, we affirm Williams's conviction.

_____