Michael J. BANKS; Antonia Rush–Banks, Plaintiffs–Appellees

v.

Francis G. SLAY, in his official capacity as Mayor, City of St. Louis, and Ex-Officio Member, St. Louis Board of Police Commissioners; Darlene Green, in her official capacity as Comptroller, City of St. Louis; Tishaura O. Jones, in her official capacity as Treasurer, City of St. Louis, Defendants–Appellants

Richard Gray, in his official capacity as President, St. Louis Board of Police Commissioners; Thomas Irwin, in his official capacity as Vice President, St. Louis Board of Police Commissioners; Bettye Battle–Turner, in her official capacity as Treasurer, St. Louis Board of Police Commissioners; Erwin O. Switzer, in his official capacity as Purchasing Member, St. Louis Board of Police Commissioners, Defendants

Michael J. Banks; Antonia Rush–Banks, Plaintiffs–Appellees

v.

Francis G. Slay, in his official capacity as Mayor, City of St. Louis, and Ex-Officio Member, St. Louis Board of Police Commissioners, Defendant–Appellant

Darlene Green, in her official capacity as Comptroller, City of St. Louis; Tishaura O. Jones, in her official capacity as Treasurer, City of St. Louis, Defendants

Richard Gray, in his official capacity as President, St. Louis Board of Police Commissioners; Thomas Irwin, in his official capacity as Vice President, St. Louis Board of Police Commissioners; Bettye Battle–Turner, in her official

capacity as Treasurer, St. Louis Board of Police Commissioners; Erwin O. Switzer, in his official capacity as Purchasing Member, St. Louis Board of Police Commissioners, Defendants–Appellants

Michael J. Banks; Antonia Rush–Banks, Plaintiffs–Appellants

v.

Francis G. Slay, in his official capacity as Mayor, City of St. Louis, and Ex-Officio Member, St. Louis Board of Police Commissioners; Darlene Green, in her official capacity as Comptroller, City of St. Louis; Tishaura O. Jones, in her official capacity as Treasurer, City of St. Louis; Richard Gray, in his official capacity as President, St. Louis Board of Police Commissioners; Thomas Irwin, in his official capacity as Vice President, St. Louis Board of Police Commissioners; Bettye Battle–Turner, in her official capacity as Treasurer, St. Louis Board of Police Commissioners; Erwin O. Switzer, in his official capacity as Purchasing Member, St. Louis Board of Police Commissioners, Defendants–Appellees

Michael J. Banks; Antonia Rush–Banks, Plaintiffs–Appellants

v.

Francis G. Slay, in his official capacity as Mayor, City of St. Louis, and Ex-Officio Member, St. Louis Board of Police Commissioners; Darlene Green, in her official capacity as Comptroller, City of St. Louis; Tishaura O. Jones, in her official capacity as Treasurer, City of St. Louis; Richard Gray, in his official capacity as President, St. Louis Board of Police Commissioners; Thomas Irwin, in his official

capacity as Vice President, St. Louis Board of Police Commissioners; Bettye Battle–Turner, in her official capacity as Treasurer, St. Louis Board of Police Commissioners; Erwin O. Switzer, in his official capacity as Purchasing Member, St. Louis Board of Police Commissioners, Defendants–Appellees

No. 16-3459, No. 16-3461, No. 16-3462, No. 16-4171

United States Court of Appeals, Eighth Circuit.

Submitted: September 20, 2017

Filed: November 17, 2017

Rehearing Denied December 27, 2017

Robert Herman, Edward Stephen Wells, Schwartz & Herman, Kenneth Mitchell Romines, Saint Louis, MO, for Plaintiffs–Appellants.

J. Brent Dulle, City Counselor's Office, Robert J. Isaacson, Assistant Attorney General, Attorney General's Office, Daniel Joseph Emerson, Emerson Law PC, Saint Louis, MO, for Defendant–Appellee Francis G. Slay.

J. Brent Dulle, City Counselor's Office, Daniel Joseph Emerson, Emerson Law PC, Saint Louis, MO, for Defendants–Appellees Darlene Green and Tishaura O. Jones.

Robert J. Isaacson, Assistant Attorney General, Attorney General's Office, Saint Louis, MO, for Defendants–Appellees Richard Gray, Thomas Irwin, Bettye Battle–Turner, and Erwin O. Switzer.

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.

SHEPHERD, Circuit Judge.

A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official-capacity suit against an individual is really a suit against that official's government entity.

This case applies that principle, as the primary issue we are called upon to decide is whether—under the facts of this case—a properly served, yet unnamed, government entity may evade a judgment obtained solely against an employee in his official capacity. Our answer, flowing from settled precedent, is that it may not. We affirm the district court[1] and, on cross-appeal, affirm its orders on post-judgment interest and attorney's fees under 42 U.S.C. § 1988.

I.

This case has zig-zagged through Missouri and federal courts—creating a lengthy history—but the facts relevant to our decision follow.

Michael J. Banks was threatened, robbed, and falsely arrested by St. Louis Police Officer Reginald Williams in July 2002.[2] Officer Williams was prosecuted and convicted in 2004 for doing essentially the same thing to others and was sentenced to seventy-eight months in prison. United States v. Williams, 177 Fed.Appx. 513, 514 (8th Cir. 2006) (affirming conviction and sentence). In August 2005, shortly after Officer Williams's trial—at which Mr. Banks testified—Mr. Banks and his wife, Antonia Rush–Banks,[3] filed a § 1983 suit in St. Louis Circuit Court against Officer Williams and his partner, Officer Ryan Cousins, in their personal and official capacities. The suit also named each member of the St. Louis Board of Police Commis-

sioners ("Board") as defendants in their official capacities.

A number of procedural maneuvers—spanning over three years—then followed. Officer Williams did not respond to the initial complaint, but the Board defendants moved for summary judgment in November 2007. In June 2008, the Bankses dismissed the Board defendants—rather than respond to their summary judgment motion—and then filed an amended complaint against Officers Williams and Cousins in August 2008. In January 2009, after dismissing Officer Cousins from the action, the Bankses filed their last amended complaint solely against Officer Williams in his personal and official capacities under § 1983.

It is uncontested that the January 2009 complaint and summons were served on each member of the Board in accordance with Missouri procedure. No responsive pleading was filed, however. The Bankses moved for default judgment on April 3, 2009, and the circuit court granted the motion and set a hearing for April 27, 2009. In addition to mailing notice of the hearing to each member of the Board, the Bankses' counsel also emailed notice of the hearing to the Missouri Attorney General's office on April 10, 2009.[4] At the hearing, no appearance was entered for Officer Williams in his personal or official capacity. A Missouri Assistant Attorney General, however, silently observed the proceedings,[5] After the hearing, judgment was

1. The Honorable E. Richard Webber, Senior United States District Judge for the Eastern District of Missouri.

2. Mr. Banks was tried after his arrest, but was acquitted of all charges.

3. We refer to them collectively as the "Bankses."

4. The email described the notice and stated that: "This is being provided to you as a

courtesy, and you are invited to attend. We also want to thank you for your cooperation in the prior matter. Should you have any questions, please do not hesitate to contact me." The parties contest the meaning, and importance, of that email.

5. The Missouri Attorney General has represented the Board throughout these proceedings—they initially moved for summary judgment on the Bankses' first complaint in St.

entered against Officer Williams in his personal and official capacities in the amount of $1,487,553.49 ("Judgment"), with no mention of pre- or post-judgment interest.

The Bankses first attempted to enforce the Judgment in Missouri state courts, but the Missouri Court of Appeals dismissed the case without prejudice citing procedural defects with the Bankses' petition. They then filed a petition in the United States District Court for the Eastern District of Missouri seeking a writ of mandamus against the members of the Board and three municipal officials in the City of St. Louis [6]—the uncontested successor to the Board's liabilities—ordering payment of the Judgment.[7] The district court initially dismissed the petition for lack of jurisdiction, but we reversed. See Banks v. Slay, 789 F.3d 919, 923 (8th Cir. 2015) (finding district court had jurisdiction).

After examining the merits, the district court issued a writ of mandamus, ordering the City of St. Louis (through its officials) to pay the Judgment but denied the Bankses' request for post-judgment interest under Missouri law. The Bankses later moved for attorney fees, under § 1988, in the amount of $245,030.00. The district court reduced the award to $193,889.30, citing the relative complexity of the case as the primary reason for its reduction.[8]

We first consider the appeal from the district court's entry of mandamus and then turn to the Bankses' cross-appeals from the denial of post-judgment interest and the award of attorney's fees.

## II.

## A.

■ We review the district court's decision on summary judgment de novo. See Odom v. Kaizer, 864 F.3d 920, 921 (8th Cir. 2017).

The framework for our decision comes from Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). There, the Supreme Court held that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. (citing Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985)). The Municipal Appellants launch two arguments against this backdrop.

■ Their first (and primary) argument is that, under Graham and Brandon, a government entity must be named in an official-capacity suit in order for the suit to be properly maintained—and for any resulting judgment to be enforced—against it.[9] But, we have already observed that

---

Louis Circuit Court and are now representing the Board in the instant appeal.

6. All defendants were sued in their official capacities. Because they raise the same issues on appeal, we refer to them collectively as the "Municipal Appellants."

7. The St. Louis officials "concede that if the default judgment against Officer Williams is a valid judgment against the Police Board, then [they] must pay that judgment as successors-in-interest to the Police Board." St. Louis Appellants Br. 15.

8. The final award also included compensation for litigating attorney fees pursuant to § 1988.

9. The Municipal Appellants also argue that Officer Williams is not an official with "policymaking authority" and thus the judgment is not valid against them. This contention, however, is improper at this stage—it is a merits argument against official-capacity liability that we do not hear after a judgment is entered. Ideker v. PPG Indus., Inc., 788 F.3d 849, 854–55 (8th Cir. 2015) ("An unappealed final judgment is conclusive of the matters adjudicated, and cannot be challenged in a separate proceeding." (quoting Freeman v. Leader Nat'l Ins. Co., 58 S.W.3d 590, 598 (Mo. Ct. App. 2001)). The narrow question before us is whether the default official-capac-

doing so is "redundant." Roberts v. Dillon, 15 F.3d 113, 115 (8th Cir. 1994) ("[A]ny naming of the County in the heading of the [official-capacity] complaint was ... redundant."). This is not simply dormant language in our circuit: naming a government entity, we have held, is unnecessary in an official-capacity appeal when that entity wishes to contest the appeal. Jeffers v. Clinton, 992 F.2d 826, 830 (8th Cir. 1993) (holding that "appeal by [government official], who was sued in his official capacity, gave fair notice that [government entity] ... sought to appeal"). We find, then, that our prior precedents have remained faithful to the Supreme Court's holding that an official-capacity suit is a suit against a government entity "in all respects other than name," Graham, 473 U.S. at 166, 105 S.Ct. 3099, and we decline the invitation to overrule them.[10]

The Municipal Appellants next argue that the Board lacked adequate notice of the Bankses' underlying suit because of the Bankses' course of conduct, and thus the Judgment is unenforceable against them under Graham. See also Griffin v. Griffin, 327 U.S. 220, 228, 66 S.Ct. 556, 90 L.Ed. 635 (1946) (holding judgment unenforceable on due process grounds where it was procured without notice). In their view, the dismissal of the initial complaint, the re-filing of an amended complaint, and the email about the default hearing, proves they lacked notice.

■ This contention, too, has no merit. As noted above, it is undisputed that the Board was served in accordance with Missouri procedure. And, in Missouri, a properly served summons is "notice to a party

of the proceeding and of the opportunity to appear and defend rights, life, liberty, and property." State ex rel. Ill. Farmers Ins. Co. v. Gallagher, 811 S.W.2d 353, 354 (Mo. 1991). The Municipal Appellants cite no authority for the argument that notice through proper service is vitiated by the type of conduct they point to. Cf. Andrus ex rel. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) ("a plaintiff puts the [governmental entity] on notice that relief is sought against it by suing an officer in his official capacity").

### B.

■ We conclude that mandamus was properly issued by the district court as the Bankses have an enforceable judgment against the City and mandamus is the correct procedure under Missouri law[11] to enforce a judgment against a public entity. See State ex rel. Hermitage R-IV Sch. Dist. v. Hickory Cty. R-I Sch. Dist., 558 S.W.2d 667, 669 (Mo. 1977).

### III.

### A.

■ We now turn to the Bankses' cross-appeals. They first cross-appeal from the district court's denial of post-judgment interest on summary judgment. The Bankses focus on a change to Missouri's judgment interest statute in 2005. See H.B. 393, 93rd Gen. Assemb., Reg. Sess. (Mo. 2005) (revising Mo. Rev. Stat. § 408.040). But, the changes made in 2005

---

ity judgment against Officer Williams can be validly enforced against the City of St. Louis.

**10.** We note that in the instant case, the underlying complaint did not list the City of St. Louis or the St. Louis Board of Police Commissioners as defendants. J.A. 4. The Munici-

pal Appellants, however, all responded to the complaint and have not raised this as grounds to dismiss this action.

**11.** Fed. R. Civ. P. 69 defers to state procedure in the execution of money judgments.

were not substantive.[12] As the district court correctly held, Missouri requires post-judgment interest to be included in the judgment or added through timely amendment. McGuire v. Kenoma, LLC, 447 S.W.3d 659, 666–67 (Mo. 2014). Here, the judgment did not include any reference to post-judgment interest—and the underlying complaint did not request it.

## B.

■ The Bankses also cross-appeal from the district court's order on attorney's fees pursuant to § 1988. The district court reduced the Bankses' initial request on two grounds, which are both contested on appeal. We review for abuse of discretion given "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ The district court first reduced by twenty percent the "research and drafting" hours billed by the Bankses' lead attorneys after comparing the complexity of this case to others recently handled in this circuit. This court has used the same logic to shave off a percentage of *overall* fees—a less targeted approach than the district court took. See Quigley v. Winter, 598 F.3d 938, 958 (8th Cir. 2010) (reducing overall fees by one-third in part because

"the complexity of the issues in this case simply did not warrant the requested amount of 'lawyering' ").[13] A more focused approach than one this court undertook can hardly be said to be an abuse of discretion. Cf. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 557, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) (rejecting district court's increase of "award by 75%" because "as far as the court's opinion reveals, this figure appears to have been essentially arbitrary").

■ The district court then reduced the hourly rates of the lead attorney and law clerk based on a market survey of hourly rates for lawyers in the greater St. Louis area.[14] The district court found that the hourly rate requested by the Bankses' lead attorney "would be the highest fee rate for an attorney performing civil rights litigation in the region"—and tenth-highest overall in greater St. Louis. It reduced the rate because this case related only "to the enforcement of an entry of a default judgment." The Bankses contend that this is an abuse of discretion: their lead attorney was twice awarded his requested fee rate, $450 per hour, in the Eastern District of Missouri.

■ The district court is given great latitude to determine a reasonable hourly rate because it "is 'intimately familiar' with its local bar." Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001). Here, because

---

**12.** The Bankses, knowingly or unknowingly, acknowledge this by citing the same substantive language the district court held was applicable. Compare Appellee Br. 15, with Board Appellants Add. 26.

**13.** The Bankses cite to a Seventh Circuit case, Matter of Continental Illinois Securities Litigation, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.), for the proposition that across-the-board-fee reductions are inherently an abuse of discretion. Judge Posner, however, chastized the district court there for undertaking the fee reduction "on the ground that

experienced securities counsel don't need to do much research." Id. The district court here made the reduction because of the nature of the case—a reduction this court's precedent contemplates and one which is not necessarily in tension with Judge Posner's holding in Continental Illinois.

**14.** The Bankses' counsel submitted the survey to the district court. The district court's reduction of the law clerk hourly rate is not challenged on appeal.

of the district court's "familiarity with this case and with civil rights litigation more generally," Miller v. Dugan, 764 F.3d 826, 833 (8th. Cir. 2014), it can hardly be said that the reduction—based on the type of work at issue, not the expertise of counsel—was an abuse of discretion.

### IV.

For the foregoing reasons, we affirm the district court in full.