# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2093

_____

James Doe, on behalf of himself and 77 other similarly situated individual minors
next friend John Doe

*Plaintiff - Appellant*

v.

Fort Zumwalt R-II School District

*Defendant*

Matthew M. Hansen, in his official capacity as a Former Teacher of the Fort
Zumwalt R-II School District; Bernard Dubray, Superintendent of the Fort
Zumwalt R-II School District, Official capacity only; Mike Clemens, Assistant
superintendent of the Fort Zumwalt R-II School, Official capacity only; Patty
Corum, Assistant superintendent of the Fort Zumwalt R-II School District, Official
capacity only; Jackie Floyd, Assistant superintendent of the Fort Zumwalt R-II
School District, Official capacity only; Greg Solomon, Employee of the Fort
Zumwalt R-II School District, Official capacity only; Nelda Wetzel, Principal of
Lewis & Clark Elementary School, Official capacity only; Jill Hutchenson,
Principal of Dardenne Elementary School, Official capacity only; John and Jane
Doe, Principals or principal designees in charge of supervision at the Cuivre River
summer camp, Official capacity only; Dan Hadfield, 5th grade teacher from
Progress South Elementary School, Official capacity only; John and Jane Doe, 5th
grade teachers in charge of supervision at the Cuivre River summer camp, Official
capacity only

*Defendants - Appellees*

_____

_____

Submitted: January 17, 2019
Filed: April 11, 2019

_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

On behalf of his minor son, John Doe represents a class of current and former students of the Fort Zumwalt R-II School District who were videotaped in the nude by Matthew M. Hansen at the District's overnight camp. Doe sued Hansen in his individual and official capacities under 42 U.S.C. § 1983 for statutory and constitutional violations. He also brought § 1983 claims against several District administrators, school principals, and teachers (the District Defendants) in their official capacities for constitutional violations. The district court[1] entered default judgment against Hansen in his individual capacity, and summary judgment for the District Defendants. *Doe v. Hansen*, 2018 WL 2223679 (E.D. Mo. May 15, 2018). Doe appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Hansen was a teacher in the Fort Zumwalt R-II School District. The District sponsors an overnight outdoor camp for fifth graders that is staffed by District employees. It assigned one teacher to each cabin. It also assigned a teenage student

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

"camp counselor" to each cabin in order to assist the teacher and report improper behavior. Hansen staffed the camp as a teacher, assigned to a cabin. In 2013, he pled guilty to child pornography-related charges. He admitted using a hidden camera to videotape fifth-grade students in the nude inside the cabins from 2007 to 2011.

During this time, the District's policies addressed Hansen's conduct. They prohibited teachers from "[e]ngaging in any conduct that violates Board policies . . . [or] constitutes criminal behavior." They required teachers to "[m]aintain courteous and professional relationships with pupils" and prohibited them from "mak[ing] advances toward, or engag[ing] in any sexual relationship with a district student." In 2008, the District adopted an "Audio and Visual Recording" policy explicitly prohibiting the use of recording equipment "where the occupants would have a reasonable expectation of privacy." The District also conducted criminal background checks on employees, including Hansen. It did not have knowledge of Hansen's conduct until his arrest in 2012.

In 2016, Doe sued on behalf of a class of current and former students whom Hansen videotaped. The class asserted claims against Hansen and the District under the Child Abuse Victims Rights Act of 1986 (CAVRA), 18 U.S.C. § 2255, and 42 U.S.C. § 1983. The District filed an answer. Hansen did not. The district court entered default judgment against Hansen for liability under CAVRA. Doe then filed two amended complaints. The Second Amended Complaint asserts claims against Hansen in his individual and official capacities under § 1983 for violations of CAVRA and the constitutional right of privacy. It also includes § 1983 claims for failure to supervise and train against seven current and former District employees (and unnamed John and Jane Doe defendants) responsible for camp supervision (the District Defendants) in their official capacities. The District filed an answer.

Doe dismissed the claims against Hansen in his individual capacity. Doe then moved to enforce against the District the default judgment against Hansen under

CAVRA for statutory damages. The district court denied the motion, clarifying that the default judgment against Hansen was in his individual capacity and is not enforceable against the District (which responded to the claims against Hansen in his official capacity).

The District moved for summary judgment on all counts. Doe renewed his motion to enforce the default judgment against the District and, in the alternative, moved for summary judgment on the CAVRA count against Hansen. The district court denied Doe's motions and granted summary judgment to the District. Doe appeals the grant of summary judgment only for the failure to train and supervise under § 1983. He also appeals the denial of his motion for default judgment against the District.

II.

This court reviews de novo a grant of summary judgment, viewing the evidence most favorably to the nonmoving party. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is proper if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. **Fed. R. Civ. P. 56(a)**.

"It is well-settled that the Due Process Clause of the Fourteenth Amendment protects the liberty interest of a child in public school from sexual abuse." *P.H. v. School Dist. of Kansas City*, 265 F.3d 653, 658 (8th Cir. 2001). Doe sued the District Defendants in their official capacities under § 1983 for violating the Due Process Clause by failing to adequately supervise and train staff and students. A suit against the District Defendants in their official capacity is a suit against the District. *See Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). A municipality like the District "cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor" like Hansen. *Szabla v. City of Brooklyn Park*, 486 F.3d 385,

389 (8th Cir. 2007) (en banc), *citing* ***Monell v. Department of Social Servs.***, 436 U.S. 658, 691 (1978). Where a municipal policy or custom "*itself* violates federal law, or directs an employee to do so, resolving [ ] issues of fault and causation is straightforward." ***Board of Cty. Comm'rs v. Brown***, 520 U.S. 397, 404 (1997). However, in cases like this, where the plaintiff claims that "municipal action lawful on its face caused an employee to inflict constitutional injury, 'rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee.'" ***S.M. v. Lincoln Cty.***, 874 F.3d 581, 585 (8th Cir. 2017), *quoting* ***Brown***, 520 U.S. at 405.

To hold the District liable under § 1983, Doe must prove that the District's failure to supervise and train "amounts to deliberate indifference to the rights of persons with whom [Hansen came] into contact." ***City of Canton v. Harris***, 489 U.S. 378, 388 (1989). Deliberate indifference is a "stringent standard of fault." ***Brown***, 520 U.S. at 410. This court applies an objective standard of deliberate indifference to Doe's claim against the District, which "permit[s] liability to be premised on obviousness or constructive notice." ***Farmer v. Brennan***, 511 U.S. 825, 841 (1994). *See* ***S.M.***, 874 F.3d at 585; ***Walton v. Dawson***, 752 F.3d 1109, 1117 (8th Cir. 2014). "A pattern of similar constitutional violations . . . is 'ordinarily necessary' to demonstrate deliberate indifference . . . ." ***Connick v. Thompson***, 563 U.S. 51, 62 (2011), *quoting* ***Brown***, 520 U.S. at 409. Alternatively, Doe may show that, in light of Hansen's duties, the need for more supervision or training was "so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [District] can reasonably be said to have been deliberately indifferent to the need." ***Canton***, 489 U.S. at 390. *See* ***P.H.***, 265 F.3d at 660 ("Notice may be implied where the failure to train is so likely to result in a constitutional violation that the need for training is patently obvious . . . ."). The District's failure to supervise or train must be "the moving force [behind] the constitutional violation." ***Canton***, 489 U.S. at 389 (alteration in original), *quoting* ***Polk Cty. v. Dodson***, 454 U.S. 312, 326 (1981); ***Monell***, 436 U.S. at 694.

Doe argues that the district court applied the wrong legal standard by requiring actual notice and behavior that "shocks the conscience." This court need not address these arguments because, on de novo review, Doe has not presented sufficient evidence to establish deliberate indifference.

Doe has not shown that the District had reason to believe that its training and supervision were inadequate. He presented no evidence of a pattern of misconduct that would alert the District that its training and supervision were insufficient to prevent Hansen's conduct. *See **Connick***, 563 U.S. at 62. Instead, he contends that a 2004 Department of Education report—estimating that at least 4.5 million K-12 students experienced sexual misconduct by a school employee—provided notice. The report addresses sexual misconduct generally, not child pornography. It is insufficient to give the District notice of Hansen's particular misconduct or of the risk he would videotape students in the nude. Doe also argues the District had "actual notice" because it relied on teenage camp counselors to report inappropriate behavior. In 2006, for instance, a camp counselor observed Hansen in a bunk with a fifth grader. Seeing the counselor, Hansen jumped out of the bunk. The counselor did not, however, report this incident until after Hansen's arrest. There is no evidence the District was aware counselors were not reporting inappropriate behavior. Nor is there evidence the District had any warning of Hansen's misconduct before his arrest in 2012. Without notice, the District's failure to provide more training or supervision is not deliberately indifferent. *See **Connick***, 563 U.S. at 62 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."); ***Atkinson v. City of Mtn. View***, 709 F.3d 1201, 1217 (8th Cir. 2013) ("Absent some form of notice, the city cannot be deliberately indifferent to the risk that its training or supervision . . . would result in 'a violation of a particular constitutional or statutory right.'" (*quoting **Brown***, 520 U.S. at 411)).

This is also not a case where the risk was "so obvious" that the District's failure to provide more training or supervision constitutes deliberate indifference. *Cf.*

***Marsh v. Phelps Cty.***, 902 F.3d 745, 753 (8th Cir. 2018) ("[T]his court has held that there is no patently obvious need to train an officer not to sexually assault detainees in light of the regular law enforcement duties of officers and the fact that '[a]n objectively reasonable officer would know that it is impermissible to engage in such behavior.'" (second alteration in original) (*quoting* ***Parrish v. Ball***, 594 F.3d 993, 999 (8th Cir. 2010))). Doe claims the District created an "obvious risk" by assigning only one teacher to each cabin and allowing teachers to bring recording equipment into the cabin. However, the District's policies prohibited Hansen's conduct. Teachers could not use recording equipment where students had an expectation of privacy. Teachers were to maintain professional relationships and could not engage in any kind of sexual relationship with students. The District relied on camp counselors to report any inappropriate behavior. In light of these policies, Doe cannot prove that the risk that a teacher would engage in this kind of conduct was so obvious that it required additional training or supervision.

Contrary to Doe's claims, *S.M. v. Lincoln County* does not compel reversal here. There, a jury found deliberately indifferent a municipality's failure to supervise a lieutenant who sexually abused Drug Court participants. ***S.M.***, 874 F.3d at 583–84. Because the municipality did not object, this court could not review the jury instructions, which "arguably did not give the jury an accurate sense of how rigorously the [deliberate indifference] standard must be applied." ***Id.*** at 588. With a "deferential standard[ ] for review," this court upheld the jury's determination because there was at least some evidence of "misconduct . . . that should have been obvious" to other Drug Court team members. ***Id.*** at 584, 588. Doe presented no such evidence. Because *S.M.* is distinguishable, it does not control this case.

Hansen's behavior was unlawful and criminal. However, the District's failure to provide more supervision and training did not rise to the level of a constitutional violation. The district court properly granted summary judgment.

III.

Doe appeals the denial of his motion to enforce against the District the default judgment entered against Hansen under CAVRA.[2] "This court reviews decisions on default judgments for abuse of discretion." *Weitz Co. LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Doe contends that Fed. R. Civ. P. 55(a) mandates default judgment against Hansen in his official capacity. That Rule requires the clerk to enter default against a party who "has failed to plead or otherwise defend." He relies on *Banks v. Slay*, where this court enforced against the Board of Police Commissioners a default judgment against a police officer in his individual and official capacities. *Banks v. Slay*, 875 F.3d 876, 879–81 (8th Cir. 2017). The Board in that case never filed a responsive pleading. *Id.* at 879.

Unlike *Banks*, the district court here entered default judgment against Hansen in his individual capacity. The District filed an answer in response to each of Doe's complaints, denying the allegations against Hansen to the extent they "could be construed to pertain to District Defendant." The District's answer is a responsive pleading on behalf of Hansen in his official capacity. *See Brewington*, 902 F.3d at 800 (explaining that a suit against government officials in their official capacities "must be treated as a suit against the" entity itself). The district court did not abuse its discretion in denying Doe's renewed motion for judgment against the District. *See Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993) ("We have frequently endorsed the strong judicial policy against default judgments.").

The district court granted summary judgment to the District on Doe's CAVRA claim against the District, reasoning that CAVRA is not a predicate statutory

---

[2]On appeal, Doe includes (only) in his statement of issues that he is entitled to default judgment on Count II, the constitutional right of privacy claim. This court will consider only the default judgment for CAVRA because Doe did not seek default judgment in the district court for the privacy claim.

violation for a § 1983 claim. "Claims not raised in an opening brief are deemed waived." ***Chavero-Linares v. Smith***, 782 F.3d 1038, 1040 (8th Cir. 2015). Because Doe does not challenge on appeal the district court's rationale or the entry of summary judgment, this claim is waived.

* * * * * * *

The judgment is affirmed.

_____