# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1928

———————————————

Rickie Green

*Plaintiff - Appellant*

v.

Danny Burl, Warden, MSU, ADC; Aundrea F. Fitzgerald, Deputy Warden, MSU, ADC; Eva S. Jensen, Classification/Review Officer, MSU, ADC; LeMarcus Davis, Captain, MSU, ADC (originally named as Davis); Juan Burns, Lieutenant, MSU, ADC (originally named as Burns); Richard Clark, Lieutenant, MSU, ADC (originally named as Clark); Darnzell Miller, Sergeant, MSU, ADC (originally named as Miller); Cedric Moore, Sergeant, MSU, ADC (originally named as Moore); Williams G. Westmoreland, Captain, MSU, ADC; Jeremy Ridgle, Sergeant, MSU, ADC (originally named as Ridgle); Carl E. Stout, Major, MSU, ADC; Williams Benton, Health Service Administrator, MSU, ADC; Erica Johnson, Director of Nursing (originally named as Eric Johnson); Estella Bland, APN (originally named as E Bland); Ashley Mabry, LPN

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

————————

Submitted: April 2, 2020
Filed: April 7, 2020
[Unpublished]

————————

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

————————

PER CURIAM.

Arkansas inmate Rickie Green appeals the district court's[1] adverse judgment in his 42 U.S.C. § 1983 action. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Upon de novo review, this court agrees that Green's official-capacity claims were barred by sovereign immunity; and that he failed to state a claim against defendant Westmoreland. *See Corwin v. City of Independence*, 829 F.3d 695, 698-99 (8th Cir. 2016) (standard of review); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must plead enough facts to state claim for relief that is plausible on its face); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (Eleventh Amendment bars damages action against state for alleged deprivation of civil liberties unless state has waived immunity). This court also finds that the district court properly granted summary judgment to defendants Burns, Clark, Davis, Miller, Moore, and Ridgle, because Green did not show they were deliberately indifferent to his serious medical needs. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016) (deliberate indifference requires both objective prong of objectively serious medical condition and subjective prong of mental state akin to criminal recklessness). Because Green does not address the grant of summary judgment on his failure to exhaust the claims against the remaining defendants, he has waived those claims. *See Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1191 (8th Cir. 2019) (where

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, now retired, adopting the report and recommendations of the Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas.

appellant did not challenge district court's rationale or entry of summary judgment, claim was waived).

The judgment is affirmed.  *See* 8th Cir. R. 47B.

_____