# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2053

_____

Edwin Van Dorn

*Plaintiff - Appellant*

v.

Scott Hunter

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 11, 2018
Filed: March 21, 2019

_____

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Appellant Edwin Van Dorn worked as an apprentice electrical linesman for PAR Electrical Contractors, Inc. On September 1, 2014, Van Dorn's team was called into duty after high winds knocked over three wooden utility poles. Appellee Scott Hunter led a second team that was also sent to fix the poles.

A well-known risk of line work is that a downed wire under tension can break free and injure a line worker. To protect against that risk, wires are normally secured with safety ropes. The area encompassing the space where a free wire might cause an injury is referred to as "the bite." Linesmen are taught to stay out of the bite if possible. Linesmen are also instructed to make sure that no fellow employee is in the bite before releasing a wire.

Van Dorn was severely injured at the worksite when a wire that Hunter's team disconnected from a downed pole snapped free and struck Van Dorn in the face. Hunter had attempted to secure the wire by attaching it to a taped-open winch latch hook of a digger derrick truck, which he believed would be safer than using a safety rope. The winch latch hook failed to restrain the wire, which struck Van Dorn in the face and caused serious injuries. As a result of his injuries, Van Dorn required multiple surgeries and missed a substantial amount of work.

Van Dorn filed this suit against Hunter, alleging that Hunter was grossly negligent and that this negligence caused Van Dorn substantial harm. The district court[1] granted summary judgment in favor of Hunter, concluding that Iowa's Workers' Compensation Act provided the exclusive remedy because Van Dorn was unable, as a matter of law, to establish gross negligence on the part of Hunter. We affirm.

I.    Background

On September 1, 2014, high winds downed three consecutive wooden utility poles near Carroll, Iowa. The poles fell across the adjacent roadway with power

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

distribution wires still attached.  An overhead ground wire, or static wire, also remained attached to the poles.

Repair crews were promptly dispatched and arrived on scene.  The necessary repairs included removing the wires from the downed poles, setting new poles, and remounting the wires on the new poles.  Hunter led a crew that began to work on one of the end poles, while Van Dorn's crew focused on the middle pole.  Van Dorn's crew successfully disconnected four wires from the middle pole.  Van Dorn's supervisor then sent him to remove arrestors from the middle pole so that they could be reused on a replacement pole.

Roughly 300 feet away from where Van Dorn was working, Hunter's crew began to detach the static wire from the outer pole.  The static wire was under tension. Rather than secure the wire with a safety rope, Hunter made the decision to jerry-rig an improvised wire lip, believing it would be a safer option.  A wire lip is a device specifically designed to safely secure a wire under tension.  Hunter attached the winch latch hook of a digger derrick to the wire, then taped the latch open in an attempt to have it serve the same function as a wire lip.  Hunter had not personally used a winch latch hook to imitate a wire lip before, but had witnessed others use that method and had not observed any accidents.  He later stated that he discussed this approach with his crew and that they agreed it would be the best way to secure the wire.

Hunter's crew used a chainsaw to cut the pole and release the static wire. Hunter testified that he had checked the bite and that he had seen no one in the bite. However, Van Dorn was in the bite removing arrestors from the middle pole. When the wire came free, it pulled out of the winch latch hook and struck Van Dorn across the face and head.  Van Dorn suffered serious injuries requiring surgical treatment and a prolonged absence from work.

On September 1, 2016, Van Dorn filed an action in the Iowa District Court for Polk County. The case was removed to the Southern District of Iowa. The district court granted summary judgment in Hunter's favor, finding gross negligence could not be established under Iowa law because the undisputed evidence in the record demonstrated that Hunter and his crew members were exposed to the same risk of injury and thus Hunter could not have been readily aware of the imminence of the danger and probability of injury. Van Dorn timely appeals.

## II.    Discussion

"We review de novo the district court's grant of summary judgment." Leonetti's Frozen Foods, Inc. v. Rew Mktg., 887 F.3d 438, 442 (8th Cir. 2018) (citing Banks v. Slay, 875 F.3d 876, 880 (8th Cir. 2017)). "Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Id. (quoting Arena Holdings Charitable, LLC v. Harman Prof'l, Inc., 785 F.3d 292, 293 (8th Cir. 2015)). "In ruling on a summary judgment motion, a court must view the facts in the light most favorable to the non-moving party." Id. (citing Wood v. SatCom Mktg., LLC, 705 F.3d 823, 828 (8th Cir. 2013)).

Under Iowa law, workers' compensation is the exclusive remedy for injuries occurring during the course of employment unless the injury is "caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another." Iowa Code § 85.20(2). To establish a co-employee's gross negligence under Iowa law, a plaintiff must show that the defendant: (1) knew of the peril to be apprehended; (2) knew that injury was a probable, as opposed to a possible, result of the danger; and (3) consciously failed to avoid the peril. Thompson v. Bohlken, 312 N.W.2d 501, 505 (Iowa 1981); see also Whitacre v. Brown, No. 11–0088, 808 N.W.2d 449 (Table), 2011 WL 4950183, at *2

(Iowa Ct. App. Oct. 18, 2011) (quoting Henrich v. Lorenz, 448 N.W.2d 327, 333 (Iowa 1989)) ("This concept of wantonness 'involves the combination of attitudes: a realization of imminent danger, coupled with a reckless disregard or lack of concern for the *probable* consequences of the act.'"). Thompson's three-part test "is necessarily a stringent one because undesirable consequences could result from improvidently holding a co-employee liable to a fellow employee." Walker v. Mlakar, 489 N.W.2d 401, 405 (Iowa 1992) (quoting Taylor v. Peck, 382 N.W.2d 123, 126 n.2 (Iowa 1986)).

Van Dorn has failed to satisfy the second element of Thompson's test because there is no genuine issue of material fact as to whether Hunter knew injury was a probable result of his actions. Under Iowa law, evidence that the defendant exposed himself to the same risk of injury as the plaintiff is a strong indication that the defendant did not know that injury was a probable result of the danger. See Henrich, 448 N.W.2d at 333 ("Had the defendants known that these conditions and instructions would probably result in injury to the butt skinner operator, we doubt that they would have endangered themselves or Henrich."); Hernandez v. Midwest Gas Co., 523 N.W.2d 300, 305–06 (Iowa Ct. App. 1994) (finding it significant that the defendants had cut and capped gas lines under a driveway using the same method that injured the plaintiff); see also Juarez v. Horstman, No. 0–990, 797 N.W.2d 624 (Table), 2011 WL 441523, at *4 (Iowa Ct. App. Feb. 9, 2011) (noting that the supervisors performed the same tasks as the plaintiff and that it was difficult to believe that the supervisor would put herself at risk of injury). The undisputed evidence in the record shows that Hunter and his crew were exposed to the same risk of injury as Van Dorn.

Van Dorn has failed to present evidence creating a factual dispute with regard to Hunter's awareness that injury was probable. It was undisputed that Hunter's crew members agreed with him that the jerry-rigged setup would be the best way to secure the wire. While Van Dorn's eventual injuries suggest that the setup may have been negligent, mere negligence does not satisfy Iowa's "stringent" requirements for

allowing co-employee liability.  <u>See</u> <u>Henrich</u> 448 N.W.2d at 332 (citing <u>Taylor v. Peck</u>, 382 N.W.2d 123, 126 (Iowa 1986)) ("Simple or ordinary negligence will not justify recovery.").

**III.    Conclusion**

We affirm the district court's grant of summary judgment.

_____